IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff/Counterdefendant,

v.

SCHWERDTFEGER DAIRY FARM,

    Defendant,

and

HOWARD M. SCHWERDTFEGER and
ROBERT A. SCHWERDTFEGER,

    Defendants/Counterclaimants.

Case No. 16-cv-230-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motions to dismiss filed by defendants Howard M. Schwerdtfeger ("Howard") and Robert A. Schwerdtfeger ("Robert") (Docs. 49 & 50). The Court construes these motions as pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States ("Government") has responded to these motions (Doc. 53), and the Schwerdtfegers have replied to that response (Docs. 54 & 55).

## **BACKGROUND**

In March 2005, the Government instituted foreclosure proceedings against Schwerdtfeger Dairy Farm ("the Farm"), Howard, Robert and another party. *See United States v. Schwerdtfeger Dairy Farm*, No. 05-cv-4051-JPG-DGW. In its complaint for foreclosure, the Government claimed the defendants had been in default of their various loan obligations and the loans were therefore subject to foreclosure under the terms of the security agreements entered between the defendants and certain federal government agencies. The loans received by the defendants were

secured by real property (including the Farm) and by various farm-related personal property. Shortly before an evidentiary hearing on the matter, the Government asked the Court to stay the case or dismiss it without prejudice because the loaning agency had reopened for further review several civil rights complaints by the Schwerdtfegers concerning their loans. The Court dismissed the case without prejudice in March 2007.

In June 2009, Robert sought judicial review of the December 2008 Department of Agriculture ("USDA") final decision dismissing his 1994 administrative complaint. *See Schwerdtfeger v. Vilsack*, No. 09-cv-429-MJR-SCW. In April 2011, the Court granted the Secretary of Agriculture's motion to dismiss or, in the alternative, for summary judgment and entered judgment against Robert. Robert appealed that decision, but voluntarily dismissed the appeal in July 2011.

In March 2016, the Government refiled the foreclosure matter as the currently pending case, this time naming only the Farm, Howard and Robert as defendants. The Government claims that the defendants have defaulted on their loan obligations, not having made any loan payments since the account was accelerated in August 1994, and that it is entitled to a judgment of foreclosure. The Farm has been defaulted for failure to plead or otherwise defend (Doc. 38).

Howard and Robert now ask the Court to dismiss the case against them for failure to state a claim. They argue that the debt has expired because, according to the Government, they stopped making payments in or before August 1994. They believe this 2016 case should therefore be dismissed based on the statute of limitations and the equitable doctrine of laches. They complain that the USDA mishandled Robert's civil rights administrative complaints and that the Government erred in bringing and then aborting the 2005 foreclosure action. They assert that in the 2005 foreclosure action the Government was not forthright in revealing the status of Robert's

administrative complaint and that they have been prejudiced by the USDA's misconduct and the delay in the foreclosure proceedings. They argue that the Government is bringing this action to avoid a "Major Washington Scandal" within the USDA involving misconduct, neglect and corruption and that they are victims caught in the middle of an intra-agency dispute. They further suggest the institution of this foreclosure action was in retaliation for their administrative complaints. Finally, they reiterate their long-standing complaints with the way the Government issued their loans in 1976.

In its response, the Government argues that there is no statute of limitations for an *in rem* proceeding. While there is a statute of limitations for a Government action seeking money damages such as personal deficiency judgment, that limitations period does not apply because the Government does not seek such a judgment in this case. The Government further argues that the equitable doctrine of laches should not apply because the delay in bringing this action was not unreasonable and because the Schwerdtfegers were not prejudiced by that delay. Finally, the Government denies the Schwerdtfegers' allegations of scandal and misconduct in the USDA.

## ANALYSIS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). However, "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. " *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). The Schwerdtfegers argue the Government has pled itself out of court by alleging facts that establish its case is too stale to proceed now.

As a preliminary matter, both parties have attached to their filings matters not included in the Government's pleading. Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it converts the motion into a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond. *See* Fed. R. Civ. P. 12(d). There is an exception to this rule, however, when the additional material is something of which the Court may take judicial notice, such as judicial proceedings, *see Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). In this case, the Court will consider prior judicial proceedings involving the Schwerdtfegers' loans. However, it declines to consider the other additional materials attached to the filings and will consider this motion under Rule 12(b)(6).

The Complaint does not establish that the statute of limitations or the doctrine of laches bars this action for foreclosure. It is a fundamental principle of law that the Government is not

bound by a statute of limitations unless Congress clearly intends it to be. *United States v. Insley*, 130 U.S. 263, 265-66 (1889). The is because, as a matter of public policy, the public interest should not be prejudiced because of the negligence of Government officers unless Congress so intends:

> It is settled beyond doubt or controversy – upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided – that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they should be so bound.

*United States v. Nashville, C. & St. Louis Ry.*, 118 U.S. 120, 125 (1886). This rationale applies equally to the doctrine of laches:

> The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, in a suit brought by them as a sovereign Government to enforce a public right, or to assert a public interest, is established past all controversy or doubt.

*United States v. Beebe*, 127 U.S. 338, 344 (1888); *accord Insley*, 130 U.S. at 266. While this principle was announced by the Supreme Court over one hundred years ago, it remains valid into modern times. *See Martin v. Consultants & Admins., Inc.*, 966 F.2d 1078, 1090 (7th Cir. 1992) (recognizing exception where United States sues on behalf of private individuals rather than for the public); *United States v. Central Soya, Inc.*, 697 F.2d 165, 166 (7th Cir. 1982).

In 1966, Congress deemed it appropriate to create a statute of limitations binding the Government in actions for money damages – 28 U.S.C. § 2415. For example, claims for money damages based in contract are governed by a six-year limitations period: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. . . ." 28 U.S.C. § 2415(a). That statute applies,

5

however, only to claims for money damages such as, for example, a suit to recover amounts owed on a promissory note or a deficiency judgment in connection with a foreclosure. *United States v. Alvarado*, 5 F.3d 1425, 1428 (11th Cir. 1993). It does not apply to *in rem* foreclosure proceedings seeking only to foreclose on a mortgage but not money from the debtor. *Id.* at 1429; *see UMLIC VP LLC v. Matthias*, 364 F.3d 125, 134 (3d Cir. 2004); *United States v. Ward*, 985 F.2d 500, 502 (10th Cir. 1993).

The Government's action against the Schwerdtfegers seeks only to foreclose on their mortgages, not to recover on a promissory note or to obtain a deficiency judgment. In fact, the Complaint expressly states that none of the defendants are claimed to be personally liable for any deficiency should the Government not recover the amounts due through selling the foreclosed property. Compl. ¶ 3.n. Thus, the limitations period in 28 U.S.C. § 2415 does not apply to bar this action.

The Schwerdtfegers suggest that the one-year period in which an action dismissed without prejudice may be refiled also bars this action because the Government refiled it more than a year after the 2005 foreclosure suit was dismissed. That provision, 28 U.S.C. § 2415(e), states, in pertinent part, "In the event that *any action to which this section applies* is timely brought and is thereafter dismissed without prejudice, the action may be recommenced within one year after such dismissal, regardless of whether the action would otherwise then be barred by this section." (Emphasis added). As the Court's added emphasis suggests, this one-year period only applies to actions to which § 2415 applies, and, as explained above, § 2415 does not apply to *in rem* proceedings seeking only to foreclose on a mortgage.

The Schwerdtfegers have not pointed to any other statute of limitations enacted by Congress that would bar this action. In fact, "there is no federally provided statute of limitations

for mortgage foreclosure actions." *Matthias*, 364 F.3d at 134.

For these reasons, the Court finds the Schwerdtfegers have failed to demonstrate this case should be dismissed for failure to comply with the statute of limitations.

The Court turns to the doctrine of laches. There is some disagreement whether, even in light of *Beebe*, laches can be applied to the Government bringing a suit in equity. *See United States v. Administrative Enters., Inc.*, 46 F.3d 670, 672-73 (7th Cir. 1995). However, even if the doctrine could apply in this case, the Government's Complaint does not establish that it would. Laches "requires a showing of (1) unreasonable delay and (2) harm or prejudice to the defendant." *Martin v. Consultants & Admins., Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992).

It is not apparent from the allegations in the Complaint, even when construed in the light most favorable to the Schwerdtfegers, and the record of the judicial proceedings involving the Schwerdtfegers' loans that the Government's delay in bringing this case was unreasonable. It is clear that, from early on in this dispute, there were administrative complaints filed regarding the loans and that those administrative complaints hindered, if not prevented, a foreclosure action. Resolution of those complaints necessarily took time, albeit an extraordinarily long amount of time. Based on the information before it at this time, the Court cannot say that the delay in the Government's commencement of this foreclosure action was unreasonable in light of the administrative complaint proceedings.

The record before the Court is also insufficient to establish prejudice to the Schwerdtfegers. Harm must be concrete to support a defense of laches. *Administrative Enters.*, 46 F.3d at 673. The Court is hard-pressed to see how the material before it establishes any concrete harm to the Schwerdtfegers. Instead, it establishes that the Schwerdtfegers have enjoyed the benefits of access to their mortgaged property for more than twenty years without making any

mortgage payments.  To the extent the Schwerdtfegers claim the delay has caused them to lose documents from their personal files, that harm is not evident from the complaint or the judicial records, the only documents the Court considers in connection with this motion.

For these reasons, the Court declines to dismiss this case based on the doctrine of laches.

Finally, the Schwerdtfegers have not explained how their other grievances in their motions to dismiss provide a legal basis for dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the defendants' motions to dismiss (Docs. 49 & 50).  The Court notes that the bench trial of this matter is approaching.  The Court **ORDERS** the parties to file trial briefs outlining the relevant legal standards to be applied at trial *for both the claims and counterclaims*.  The trial briefs shall not exceed fifteen pages and shall be filed seven days before the first day of trial.

**IT IS SO ORDERED.**
**DATED: July 7, 2017**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**