IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 16-cv-230-JPG-RJD |
| ) | |
| SCHWERDTFEGER DAIRY FARM, ) | |
| HOWARD M. SCHWERDTFEGER, and ) | |
| ROBERT A. SCHWERDTFEGER, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT DECREE AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

This cause coming on to be heard upon the plaintiff's complaint, and an order of default having been entered against Defendant Schwerdtfeger Dairy Farm, the Court finds:

1. The United States of America, acting through the United States Department of Agriculture, Farm Services Agency, made loans to Robert A. Schwerdtfeger and Howard M. Schwerdtfeger, secured by mortgages dated May 7, 1976, May 7, 1976, April 18, 1978, November 27, 1979, March 5, 1984, October 12, 1984, April 17, 1985, and May 11, 1989 (Exs. A-1 through A-8 of the complaint), and a security agreement (Chattels and Crops) dated April 24, 1986 (Ex. B of the complaint) in the total principal amount of $400,938.06. Exhibits C-1 through C-7 of the complaint are copies of financing statements and continuation statements. The mortgages were recorded on May 7, 1976, as Document No. 31779, May 7, 1976, as Document No. 31780, April 18, 1978, as Document No. 41306, November 27, 1979, as Document No. 48965, March 7, 1984, as Document No. 64561, October 12, 1984, as Document No. 67197, April 18, 1985, as Document No. 69364, and May 12, 1989, as Document No.

89268, in Effingham County, Illinois. These loans are evidenced by promissory notes and assumption agreements (Exs. D-1 through D-11 of the complaint). Exhibit F of the complaint is a copy of the assignment of the Promissory Note described as Exhibit D-1 from Rural Development to Farm Service Agency. Defendants Howard M. Schwerdtfeger and Robert A. Schwerdtfeger defaulted on the notes. On August 26, 1994, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued notices of acceleration (Ex. E-1 through E2 of the complaint).

3. That the following are the names of persons that may have claimed an interest in the above described property, but who are foreclosed from asserting their claim, if any: Robert A. Schwerdtfeger, Howard M. Schwerdtfeger, and Schwerdtfeger Dairy Farm.

4. That by virtue of the mortgage and indebtedness thereby secured, the plaintiff, United States of America, has a valid and subsisting lien as follows:

>  Common address: 9386 N 400 Street, Altamont, Illinois 62411
>  a/k/a RR #1, Altamont, Illinois 62411
>
> All that part of the North Half (N ½) of the Southwest Quarter (SW ¼) and the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) lying North of the Northern right-of-way line of Interstate #70, formerly known as FAI #7, in Section 14, Township 7 North, Range 4 East of the Third Principal Meridian, situated in the County of Effingham, State of Illinois, containing 43.07 acres, more or less; and,
>
> All that part of the North Half (N ½) of the Southwest Quarter (SW ¼) and the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) lying South of the Southern right-of-way line of Interstate #70, formerly known as FAI #7, in Section 14, Township 7 North, Range 4 East of the Third Principal Meridian, situated in the County of Effingham, State of Illinois, containing 59.4 acres more or less.

5. The United States has agreed to release the liens on the following described real estate in exchange for a payment not to exceed $60,000.00. The United States understands that said payment will be funded by Jim Schwerdtfeger, brother of Howard and Robert

Schwerdtfeger.

Tract "A"

Commencing at an Iron Pin (found) marking the Northwest corner of the Southwest Quarter of said Section 14, Thence S.0°38'23"W., (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83), along the West line of the Southwest Quarter of said Section 14, a distance of 425.53 feet to a Mag Spike (set), said Mag Spike being the Point of Beginning, Thence N.88°45'26"E., parallel with the North line of the Southwest Quarter of said Section 14, a distance of 1389.60 feet to an Iron Pin (set), Thence S.0°46'48"W., a distance of 312.63 feet to an Iron Pin (set) on the Northerly right of way line of FAI Route 7, (a.k.a. Interstate 70), the following call is along the aforementioned Northerly right of way line of FAI Route 7, Thence S.70°47'39"W., a distance of 1024.77 feet to an Iron Pin (set), Thence N.1°39'37"W., a distance of 486.55 feet to an Iron Pin (set), Thence S.88°44'09"W., a distance of 404.88 feet to a Mag Spike (set) on the West line of the Southwest Quarter of said Section 14, Thence N.0°38'23"E., along the West line of the Southwest Quarter of said Section 14, a distance of 142.17 feet to the Point of Beginning, The herein described tract contains an area of 518,861.12 square feet or 11.91 acres more or less.

Subject to right of way requirements N. 400th Street along the West line of the property.

And subject to any and all easements, restrictions and right of ways of record and/or of existence if any.

6. The United States agrees to release the liens on the following described real estate in exchange for Howard Schwerdtfeger and Robert Schwerdtfeger agreeing to not contest this foreclosure proceeding.

Tract "B"

Commencing at an Iron Pin (found) marking the Northwest corner of the Southwest Quarter of said Section 14, Thence S.0°38'23"W., (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83), along the West line of the Southwest Quarter of said Section 14, a distance of 567.70 feet to a Mag Spike (set), said Mag Spike being the Point of Beginning. Thence N.88°44'09"E., a distance of 404.88 feet to an Iron Pin (set), Thence S.1°39'37"E., a distance of 486.55 feet to an Iron Pin (set) on the Northerly right of way line of FAI Route 7, (a.k.a. Interstate 70), the following 4 calls are along the aforementioned Northerly right of ways line of FAI Route 7, Thence S.70°47'39"W., a distance of 82.44 feet to a Concrete Monument (found), Thence S.67°01'31"W., a distance of 344.03 feet to a Concrete Monument (found),

Thence N.5°21'26"W., a distance of 113.26 feet to a Concrete Monument (found), Thence N.89°21'37"W., a distance of 19.58 feet to a Mag Spike (set) on the West line of the Southwest Quarter of said Section 14, Thence N.0°38'23"E., along the West line of the Southwest Quarter of said Section 14, a distance of 525.87 feet to the Point of Beginning. The herein described tract contains an area of 232,715.30 square feet or 5.34 acres more or less.

Subject to right of way requirement N. 400th Street along the West line of the property.

And subject to any and all easements, restriction and right of ways of record and/or of existence if any.

7. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due the plaintiff, the United States of America, as follows:

(a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees............ | $ 430.00 |
| U.S. Marshals costs for service of summons ........ | $ 866.40 |
| Interest on Fees ....................................................... | $ 8,568.66 |
| TOTAL ....................................................... | $ 9,865.06 |

(b) For the use and benefit of the plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance ....................................... | $1,031,691.87 |
| Accrued interest at $74.7755 per day due and unpaid as of October 23, 2017 ............................. | $ 8,075.19 |
| TOTAL ...................................................... | $1,039,770.06 |
| Total amount due plaintiff as of October 23, 2017, Including costs detailed in 5(a) ............................ | $1,049,632.12 |

(c) In addition, the plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and

    costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

  (d)  Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

  (e)  In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

  (f)  In order to protect and preserve the mortgaged real estate, it may also become necessary for the plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

  (g)  Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

  8.  That Effingham County, Illinois, has a valid lien on the above-described property for tax for the year 2016, and the property will be sold subject to the interest of Effingham County, resulting from taxes, general or special, which are a valid lien against the above-described property.

  WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED by this Court that judgment is entered against Robert A. Schwerdtfeger, Howard M. Schwerdtfeger, and Schwerdtfeger Dairy Farm, for $1,049,632.12, and unless the Defendants and/or their assigns and successors in interest to the above-described property pay to the plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $1,049,632.12 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described as follows:

All that part of the North Half (N ½) of the Southwest Quarter (SW ¼) and the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) lying North of the Northern right-of-way line of Interstate #70, formerly known as FAI #7, in Section 14, Township 7 North, Range 4 East of the Third Principal Meridian, situated in the County of Effingham, State of Illinois, containing 43.07 acres, more or less; and,

All that part of the North Half (N ½) of the Southwest Quarter (SW ¼) and the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) lying South of the Southern right-of-way line of Interstate #70, formerly known as FAI #7, in Section 14, Township 7 North, Range 4 East of the Third Principal Meridian, situated in the County of Effingham, State of Illinois, containing 59.4 acres more or less.

**EXCEPT:**

Tract "A"

Commencing at an Iron Pin (found) marking the Northwest corner of the Southwest Quarter of said Section 14, Thence S.0°38'23"W., (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83), along the West line of the Southwest Quarter of said Section 14, a distance of 425.53 feet to a Mag Spike (set), said Mag Spike being the Point of Beginning, Thence N.88°45'26"E., parallel with the North line of the Southwest Quarter of said Section 14, a distance of 1389.60 feet to an Iron Pin (set), Thence S.0°46'48"W., a distance of 312.63 feet to an Iron Pin (set) on the Northerly right of way line of FAI Route 7, (a.k.a. Interstate 70), the following call is along the aforementioned Northerly right of way line of FAI Route 7, Thence S.70°47'39"W., a distance of 1024.77 feet to an Iron Pin (set), Thence N.1°39'37"W., a distance of 486.55 feet to an Iron Pin (set), Thence S.88°44'09"W., a distance of 404.88 feet to a Mag Spike (set) on the West line of the Southwest Quarter of said Section 14, Thence N.0°38'23"E., along the West line of the Southwest Quarter of said Section 14, a distance of 142.17 feet to the Point of Beginning, The herein described tract contains an area of 518,861.12 square feet or 11.91 acres more or less.

Tract "B"

Commencing at an Iron Pin (found) marking the Northwest corner of the Southwest Quarter of said Section 14, Thence S.0°38'23"W., (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83), along the West line of the Southwest Quarter of said Section 14, a distance of 567.70 feet to a Mag Spike (set), said Mag Spike being the Point of Beginning.  Thence N.88°44'09"E., a distance of 404.88 feet to an Iron Pin (set), Thence S.1°39'37"E., a distance of 486.55 feet to an Iron Pin (set) on the Northerly right of way line of

FAI Route 7, (a.k.a. Interstate 70), the following 4 calls are along the aforementioned Northerly right of ways line of FAI Route 7, Thence S.70°47'39"W., a distance of 82.44 feet to a Concrete Monument (found), Thence S.67°01'31"W., a distance of 344.03 feet to a Concrete Monument (found), Thence N.5°21'26"W., a distance of 113.26 feet to a Concrete Monument (found), Thence N.89°21'37"W., a distance of 19.58 feet to a Mag Spike (set) on the West line of the Southwest Quarter of said Section 14, Thence N.0°38'23"E., along the West line of the Southwest Quarter of said Section 14, a distance of 525.87 feet to the Point of Beginning. The herein described tract contains an area of 232,715.30 square feet or 5.34 acres more or less.

Subject to right of way requirement N. 400th Street along the West line of the property.

And subject to any and all easements, restriction and right of ways of record and/or of existence if any.

shall be sold at public sale to the highest bidder subject to taxes, general or special, due and owing to Effingham County, Illinois. The public sale shall be conducted by Auction/Real Estate by Schackmann Inc. The auction will be a live auction with online bidding in real time. The auction will be held at the Carriage House Event Center in Altamont, Illinois.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the United States and against Robert A. Schwerdtfeger, Howard M. Schwerdtfeger, and Schwerdtfeger Dairy Farm on all claims and counterclaims. The real estate shall be sold free and clear of any claimed lien of Robert A. Schwerdtfeger, Howard M. Schwerdtfeger, and Schwerdtfeger Dairy Farm.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Auctioneer give public notice of the time, place, and terms of such sale, together with a description of the premises to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that the Auctioneer may adjourn the sale so advertised by giving public notice by proclamation; that the

plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

In addition to the Notice set forth above. Auctioneer Schackmann Inc. shall be authorized to advertise the sale in any way it deems appropriate, including, but not limited to, large signs on the property visible from the interstate, auction flyers, and photos. Said advertising may include drone photography published on-line.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the Judgment/Order is entered, since the Court finds that (1) the value of the mortgaged property as of the date of the Judgment/Order is less than 90% of the amount due under 735 ILCS § 5/15-1603, and (2) the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and

against all other persons liable for the indebtedness or other obligations secured by the mortgage. 735 ILCS § 5/15-1603 (b) (3).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that out of the proceeds of such sale Auctioneer Schackmann Inc. shall retain their disbursements and fee and pay any disbursements or fees due the United States Marshal, and out of the remainder of said proceeds they shall pay to the plaintiff $1,049,632.12, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf. Said Auctioneer shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED from the date of entry of this judgment of foreclosure through the day of the foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described real estate. After the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately. In default of mortgagors so doing, an order of ejectment shall issue.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED upon or after confirmation of sale, the United States Marshall shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of

the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if the monies arising from said sale shall be insufficient to pay sums due to plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time to which time this cause is hereby continued.

**DATED: December 14, 2017**

                                               *s/J. Phil Gilbert*
                                               **J. PHIL GILBERT**
                                               **United States District Judge**